UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

K.D., by and through his
next friend, N.P.,

    Plaintiff,

v.                                            Case No.   3:21-cv-00844

DUVAL COUNTY SCHOOL
BOARD, FLORIDA,

    Defendant.
_____/

## COMPLAINT FOR ATTORNEYS' FEES

### INTRODUCTION

1. This action arises from an administrative due process hearing under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415 *et. seq.* K.D.[1] is the prevailing party in the administrative due process hearing, DOAH Case No. 20-0413E, and seeks attorneys' fees and expenses pursuant to IDEA, 20 U.S.C. § 1415(i)(3).

### JURISDICTION

2. This Court has jurisdiction pursuant to the IDEA, 20 U.S.C. § 14515(i)(3).

---

[1] Plaintiff has filed an unopposed Motion to Proceed Anonymously.

3. All administrative remedies under the IDEA have been exhausted.

## VENUE

4. The venue of this action is proper in the United States District Court for the Middle District of Florida, 28 U.S.C. §1391(b)(1) & (2), as all claims arose in this district, and K.D. resides in this district.

## PARTIES

5. Plaintiff K.D. ("K.D.") is a 14-year-old boy with medical and behavioral disorders. He has been diagnosed with Attention Deficit Hyperactivity Disorder and Oppositional Defiance Disorder, and more recently was identified by the Duval County School Board as having an intellectual disability. K.D. is a child with a disability within the meaning of the IDEA. He has received exceptional student education services from the Duval County School Board since kindergarten. He brings this action through his parent and next friend, N.P., who is the mother of K.D. and a resident of Duval County. K.D. was the Petitioner below in the administrative proceeding.

6. Defendant Duval County School Board ("School Board") is the Florida public school district that is responsible for providing educational services to K.D. It is a local education agency within the meaning of the IDEA, 20 U.S.C. § 1401(19), and is the agency responsible under the IDEA for

providing K.D. a free and appropriate public education. The School Board was the Respondent below in the administrative proceeding.

## GENERAL ALLEGATIONS

*Statutory Scheme*

7.  The IDEA was enacted to ensure that all children with disabilities receive a free and appropriate education (FAPE) "that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d).

8.  Educational programs for children with disabilities are designed and implemented through an Individualized Education Program (IEP) that contains, *inter alia*, statements of the child's present level of educational performances; annual goals and short term objectives; the specific educational services to be provided to the child; and the extent to which the child will be educated in the regular education. 20 U.S.C. § 1414(d).

9.  In the case of a child whose behavior impedes his or her learning or that of others, the IEP Team shall consider the use of positive behavioral interventions and supports, and other strategies to address that behavior. 20 U.S.C. § 1414(d)(3)(B)(i). A child is to "receive as appropriate, a functional behavioral assessment and behavioral intervention services and modifications,

that are designed to address the behavior violation so that is does not recur." 34 C.F.R. § 300.530. Failure to conduct a functional behavior assessment (FBA) may not by itself be a violation of the IDEA if the IEP "adequately identifies a student's behavioral impediments and implements strategies to address that behavior." The purpose of a functional behavior assessment is to ensure that the IEP's drafters have sufficient information about the student's behaviors to craft a plan that will appropriately address those behaviors.

10. A Behavior Intervention Plan ("BIP") is a plan that, *inter alia*, uses positive behavioral interventions that address challenging behaviors and which enables a student to learn socially appropriate responsible behavior in educational settings. Fla. Admin. Code R. 6A-6.03411(1)(d). The failure of an IEP to contain a behavior intervention plan for a child with behavior challenges that interfere with learning is a violation of FAPE. Official commentary to the federal regulations expressly states that "a failure to ... consider and address [behaviors impeding learning] in developing and implementing the child's IEP would constitute a denial of [a] FAPE to the child." 34 C.F.R. Part 300, App. A, § IV, Question 38.

11. Whenever there is a disagreement between the parents and the school district regarding, *inter alia,* the educational placement of the child or the provision of a free appropriate public education, either party may present a

complaint to be heard in an impartial administrative proceeding known as a "due process hearing," conducted by the state education agency. 20 U.S.C. § 1415(b)(6) & (f)(1).

12. In Florida, these hearings are held by the Division of Administrative Hearings (DOAH). § 1003.57, Fla. Stat. (2020).

*DOAH Proceeding*

13. K.D. incorporates by reference the findings made by the Administrative Law Judge (ALJ) in his February 18, 2021, Final Order (Ex. 1.) The ALJ's 36-page decision was based on the testimony of 21 witnesses, 53 exhibits, 2 demonstrative videos, and contained in three volumes of transcripts.

14. In the administrative due process hearing, the issues before the Court included whether the District violated the IDEA by failing to: (a) "identify Petitioner appropriately" and "to make appropriate placement considerations[;]" (b) "follow Petitioner's 2015 behavior intervention plan[;]" (c) "provide the necessary ESE supports to allow for progress appropriate in light of Petitioner's circumstances[;]" and (d) for the ALJ to determine the current appropriate educational placement for K.D.

15. Each of the issues were pursuant to a claim that the School Board violated K.D.'s right to a free appropriate public education under the IDEA, 20

U.S.C. § 1400, *et seq*. The issues arose under related legal theories and a common core of facts.

16. Additionally, K.D.'s original and amended due process complaints identified the following as one of the issues: "Whether the District [School Board] has failed to follow Petitioner's behavior intervention plan and failed to implement appropriate academic supports."

17. K.D. submitted evidence at the DOAH administrative hearing to show that the School Board failed to implement K.D.'s behavioral intervention plan and appropriate academic supports.

18. Evidence included Principal Truitte Moreland's testimony that when K.D. entered his school he thought the school could provide the services K.D. needed. Principal Moreland described K.D.'s disruptive behaviors, but he did not convene a functional behavioral assessment or request paraprofessional support.

19. More than once Principal Moreland testified "they tried everything they could" yet no functional behavioral assessment was conducted and no behavior specialist was involved until the end of the semester.

20. Guisselle Smith, ESE Support Facilitator in math at Young Men's and Women's Leadership Academy ("YMLA"), testified that following discussions with the behavior analyst, Emily Dale Garcia, she ignored the

behavior and attempted to have the class do the same, but his behavior just escalated and security had to be called. At this point, Smith and Garcia realized, he was acting out because he wanted to go home and knew that if he acted out at a certain level, his mother would be called to come pick him up. K.D.'s mother was being called frequently to come pick him up from school, so Garcia decided that they should not call the mother anymore to come pick him up because it was reinforcing the maladaptive behavior. No behavioral data was collected by the School Board during this entire semester.

21.   Meanwhile, K.D. earned 13 disciplinary points and was told he needed to leave YMLA, a magnet school, and once he was moved to Jefferson Davis Middle School ("JDMS"), he began receiving longer out-of-school suspensions. There was no meeting to create or update a functional behavior assessment, or to discuss manifestation of any of the many behavioral referrals until after the second due process complaint was filed. Yet, the recommendation was to place K.D. in a self-contained unit for behavior without ever having implemented the functional behavior assessment.

22.   K.D.'s home behavior analyst, William Kendrick, who was paid through Medicaid, opined that a functional behavioral assessment would have been helpful.

23. In his Final Order, the ALJ found, *inter alia*, that "Petitioner presented sufficient evidence to establish that, during the first semester (fall) of the 2019-2020 school year, Respondent failed to implement his IEP and Behavior Plan with respect to behavior." (Ex. 1, at 29.)

24. The ALJ further concluded, *inter alia*, that "Petitioner presented sufficient evidence to find this failure to implement was material to the implementation of his IEP as a whole." (Ex. 1, at 29-30.)

25. The ALJ ultimately held, *inter alia*, that the Board "denied Petitioner FAPE (free appropriate public education) by failing to materially implement his IEP during the first semester of the 2019-2020 school year, to which Petitioner is entitled to compensatory education." (Ex. 1, at 33.)

26. With respect to compensatory education, the ALJ held "Petitioner is entitled to specialized instruction in emotional behavior, as set forth (and in the amount provided) in the May 2019 IEP, as compensatory education, from the first school day of the 2019-2020 school year, through the last school day of 2019 (as calculated by the school calendar)." (Ex. 1, at 34.)

27. The ALJ did not find for K.D. on the placement issue, and concluded that there was insufficient evidence on the remaining issues. (Ex. 1, at 35.)

28. K.D. obtained a judicial determination on the merits in the administrative due process hearing that the School Board violated the IDEA, and he was awarded relief in the form of compensatory education.

29. K.D. is a prevailing party entitled to reasonable attorneys' fees consistent with 20 U.S.C. § 1415(i)(3).

30. ALJ's do not have the authority to award attorneys' fees to prevailing parties in administrative due process proceedings. The IDEA confers authority on District Courts to award attorneys' fees as part of costs to parents who prevail in administrative due process hearings. 20 U.S.C. § 1415(i)(3)(A).

31. K.D.'s counsel spent 160.9 billable hours in the administrative proceeding.

32. K.D.'s counsel works at the non-profit law firm Three Rivers Legal Services and does not charge clients for her services. K.D.'s counsel's hourly rate is determined by the prevailing market rate for similar services by lawyers of reasonably comparable skills, experience and reputation in the Jacksonville Division of the Middle District of Florida.

33. The prevailing market rate in the Jacksonville Division of the Middle District of Florida for K.D.'s counsel is $400.

34. K.D.'s counsel was admitted to The Florida Bar in 2008 and has spent 13 years dedicated to representing children with disabilities to obtain

access to a free and appropriate education. In addition to a Juris Doctor degree, K.D.'s counsel has a PhD in Special Education and Rehabilitation Counseling, a Master's Degree in Education, and is Certified in Learning Disabilities and Gifted Education. K.D.'s counsel has represented more than one thousand students with disabilities, including filing approximately 116 DOAH cases and taking 18 of those through Due Process.

35. The lodestar for fees for the administrative proceeding at 160.9 hours multiplied by $400 is $64,360.

36. K.D.'s counsel sought fees from the School Board on March 31, 2021, prior to filing a complaint for attorneys' fees with this Court, but the School Board declined to pay the attorneys' fees.

## CLAIM FOR RELIEF
## IDEA ATTORNEYS' FEES
## 20 USC 1415(i)(3)(B)

37. Plaintiff hereby incorporates paragraphs 1-36 by reference.

38. The IDEA permits the recovery of attorneys' fees by the prevailing parent in any action or proceeding. 20 U.S.C. §1415(i)(3)(B).

39. An action may be brought under the IDEA with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child. 20 U.S.C. § 1415(b)(6)(A).

40. In IDEA cases, a prevailing party is one that attains a remedy that both (a) alters the legal relationship between the school district and the child, and (b) fosters the purpose of the IDEA.

41. A litigant does not need to succeed on every issue, nor obtain the same relief sought at outset of the administrative proceeding, to qualify as a "prevailing party" under the IDEA. Rather, the litigant need only succeed on any significant issue which achieves some of the benefit sought in bringing the claim.

42. K.D. obtained a determination on the merits, resulting in a change in the parties' legal relationship and was awarded relief on the merits of his claim. K.D. thus succeeded on a significant issue and achieved the benefit sought, a remedy which fosters the purposes of the IDEA.

43. K.D. is a prevailing party for purposes of a fee award.

44. As prevailing party, he may be awarded reasonable attorneys' fees and expenses as part of the cost for time spent in the administrative due process proceeding. 20 U.S.C. § 1415(i)(3)(B)(i)(l).

45. K.D., who was represented by counsel, is entitled to attorneys' fees for time spent in the administrative proceeding.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Award Plaintiff his reasonable attorneys' fees and expenses for the administrative due process proceeding pursuant to the IDEA.

B. Award Plaintiff his reasonable attorneys' fees and expenses for this action pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(l).

C. Award such other and further relief as the Court considers just and proper.

Dated: August 30th, 2021                /s/ Simone Chriss

**SIMONE CHRISS, ESQUIRE**
LEAD COUNSEL
Fla Bar No. 124062
Simone.Chriss@southernlegal.org
Maryel.Duncan@southernlegal.org
**JODI SIEGEL, ESQUIRE**
Fla. Bar No. 511617
Jodi.Siegel@southernlegal.org
**ABIGAIL ADKINS, ESQUIRE***
Fla Bar No. 1018416
*Admission in the Middle District pending*
Abigail.Adkins@southernlegal.org
**Southern Legal Counsel, Inc.**
1229 NW 12th Ave.
Gainesville, FL 32601
(352) 271-8890

**BEVERLY BROWN, ESQUIRE**
Florida Bar No.: 51978
Bev.Brown@trls.org
**Three Rivers Legal Services, Inc.**
3225 University Blvd. S., Ste, 220
Jacksonville, Florida 32216
(904) 423-8967

Attorneys for Plaintiff